IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CV-46-D

| | |
|---|---|
| CURTIS LORENZO BELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

Curtis Lorenzo Bell ("Bell" or "plaintiff") challenges the final decision of Acting Commissioner of Social Security Carolyn W. Colvin denying his application for social security benefits. Bell moved for judgment on the pleadings and filed a memorandum in support [D.E. 21, 22]. The Commissioner also moved for judgment on the pleadings and filed a memorandum in support [D.E. 26, 27]. As explained below, the court grants Bell's motion, denies the Commissioner's motion, and remands the case for further proceedings.

I.

On December 18, 2009, Bell applied for benefits, claiming that he had been disabled since July 1, 2007. Transcript of Proceedings ("Tr.") 185, 192. The Social Security Administration ("SSA") found that Bell was not disabled, and denied his application. Id. 113. Upon Bell's request, the SSA reconsidered his application, but again denied it. Id. 126. Bell then requested and received a hearing before an Administrative Law Judge ("ALJ"). Id. 24–57, 144–45. On November 14, 2011, the ALJ denied Bell's claim. Id. 11–19. Bell timely sought review with the Appeals Council, to no avail. Id. 1–4. Bell then timely sought judicial review. [D.E. 1]; see 42 U.S.C. § 405(g).

In reviewing the Commissioner's denial of benefits, a district court is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. See 42 U.S.C. § 405(g); Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is more than a scintilla of evidence but may be somewhat less than a preponderance. See Richardson v. Perales, 402 U.S. 389, 401 (1971); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012); Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). When reviewing for substantial evidence, the court does not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the Commissioner. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996), superseded by regulation on other grounds, 20 C.F.R. § 416.927(d)(2). To determine whether a decision is supported by substantial evidence, the court must determine whether the Commissioner has considered all relevant evidence and sufficiently explained the weight given to probative evidence. See Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997).

In evaluating disability claims, the Commissioner follows a familiar five-step process. The Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to the claimant's past relevant work; and (5) if not, could perform any other work in the national economy. See 20 C.F.R. § 416.920(a)(4). The claimant has the burden of production and proof in steps one through four. See Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992). If the process reaches the fifth step, the Commissioner has the burden of proving that the claimant, despite impairments, can perform a job that exists in significant numbers in the national economy. See id.; Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

2

In Bell's case, the ALJ followed the prescribed process, finding that (1) Bell has not engaged in substantial gainful activity since July 1, 2007; (2) Bell is impaired by degenerative disc disease of the lumbar spine, chronic dysthymia, post traumatic stress disorder, and sciatic nerve; (3) Bell's impairments do not meet or medically equal any listed impairments; (4) Bell is unable to perform his past relevant work; and (5) Bell is able to perform jobs that exist in significant numbers in the national economy. Tr. 13–19. Accordingly, the ALJ found that Bell is not disabled and denied his application for benefits. Id. 19.

Bell challenges the ALJ's decision on several grounds. First, he contends that the ALJ erred by finding that Bell's impairments do not meet or medically equal Listing 1.04. Pl. Mem. [D.E. 22] 9–11. A claimant is entitled to a conclusive presumption of disability under Listing 1.04 if he can show that he suffers from a disorder of the spine that has compromised a nerve root or the spinal cord, and that is accompanied by one of three sets of symptoms:

- A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine); or

- B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every two hours; or

- C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively.

20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04; see Radford v. Colvin, 734 F.3d 288, 291 (4th Cir. 2013); Rhinehardt v. Colvin, No. 4:12-CV-101-D, 2013 WL 2382303, at *2–3 (E.D.N.C. May 30, 2013)

3

(unpublished).

At the third step of the disability analysis, the ALJ must find a claimant to be disabled if the claimant's impairments meet or equal the relevant listing criteria. See 20 C.F.R. § 416.920(a)(4)(iii). The claimant has the burden of proof at step three, but if the claimant raises the issue and the ALJ fails to explain why an impairment does not meet the listing criteria, the decision is deficient. See, e.g., Cook v. Heckler, 783 F.2d 1168, 1172–73 (4th Cir. 1986); Rhinehardt, 2013 WL 2382303, at *2–3. At a minimum, the ALJ should identify the relevant listed impairments and compare the listed criteria to the evidence of the claimant's impairments. See Cook, 783 F.2d at 1173. Such analysis is "[a] necessary predicate to engaging in substantial evidence review." Radford, 734 F.3d at 295.

At his hearing, Bell testified, among other things, that he has "constant pain" from the small of his back to his right buttock and that the pain occasionally shoots down into his right leg. Tr. 40. He says the pain is about a 7 on a 1-to-10 scale. Id. 42. According to Bell, his doctor says that the back pain is caused by his "sciatic nerve and the pressure from [his] spine," and by the "bad discs in the lower part of [his] back." Id. 40. Bell's doctor recommended surgery for his back problems, but Bell has not yet decided whether to have surgery because he is skeptical about the risks involved in an operation on his spine, particularly since his wife is a paraplegic. Id. 40–41. As a result of his pain, Bell says he can stand or sit for only twenty minutes before having to change positions. Id. 41–42. He uses a cane, which a doctor prescribed. Id. 48–49, 56.

In a brief he submitted to the ALJ, Bell argued that his impairments met or equaled Listing 1.04. Tr. 287. At his hearing, Bell testified about his back problems. Bell's medical records contain some evidence to support that testimony. See, e.g., id. 550–51. The ALJ found that Bell suffered from degenerative disc disease of the lumbar spine, among other impairments. Id. 13. Nonetheless,

4

the ALJ failed to analyze whether Bell's impairments met or equaled Listing 1.04. See id. 14. To be sure, there is some question whether Bell's medical records establish that he meets any of the three specific sets of symptoms in Listing 1.04, but the ALJ, not this court, must make that determination in the first instance. See, e.g., Radford, 734 F.3d at 295–96; Cook, 783 F.2d at 1173. Thus, the court remands the case for further consideration of Listing 1.04. In remanding, the court takes no position on the ultimate question of whether Bell's impairments meet or equal Listing 1.04.

Bell also contends that the ALJ erred in determining that Bell has the residual functional capacity to perform light work, and in failing to give controlling weight to the opinions of Bell's treating family nurse practitioner and a consulting physician. In light of the court's decision to remand for further consideration of Listing 1.04, it need not address these arguments.

II.

In sum, the court GRANTS Bell's motion for judgment on the pleadings [D.E. 21], DENIES the Commissioner's motion for judgment on the pleadings [D.E. 26], and REMANDS the action to the Commissioner for further proceedings under sentence four of 42 U.S.C. § 405(g).

SO ORDERED. This 5 day of March 2014.

                                      JAMES C. DEVER III
                                      Chief United States District Judge